IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAHSEAN HOLMES                :
                                              :
     v.                                    :     CIVIL NO. CCB-11-2132
                                              :     Criminal No. CCB-07-0383
UNITED STATES OF AMERICA    :
                              ...o0o...

## MEMORANDUM

Federal prison inmate Rahsean Holmes was convicted by a jury of Hobbs Act robbery, conspiracy to distribute narcotics, possession of a firearm in furtherance of those crimes, and possession of a firearm by a felon. On September 15, 2008, the court sentenced him to a total of 420 months in prison. His convictions and sentences were affirmed by the Fourth Circuit. 376 F. App'x 346 (2010). He then filed a timely motion to vacate under 28 U.S.C. § 2255, which has been fully briefed.

Holmes raised several claims in his motion:

(1) trial counsel was ineffective in advising him not to take a plea agreement;

(2) trial counsel was ineffective for failing to present an adequate entrapment defense;

(3) he was improperly sentenced as a career offender; and

(4) there was no federal jurisdiction over his crimes.

In reply to the government's response, Holmes withdrew his second claim. The others will be denied for the reasons discussed below.

First, Holmes claims that he wanted to plead guilty but his appointed counsel William Purpura advised him to go to trial based on an entrapment defense. The Supreme Court recently has explained counsel's obligation to inform his client of a plea offer from the government. *See Missouri v. Frye*, 132 S. Ct. 1399, 1407 (2012). Holmes agrees that Purpura informed him of the

government's initial offer of 29 years, and a later offer of 25 years. The Court also explained that under certain circumstances, counsel's advice not to plead guilty may constitute ineffective assistance. *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). In *Lafler*, counsel gave incorrect advice about a charge of assault with intent to murder: that the prosecution could not prove intent because the victim had been shot below the waist. *Id.* at 1383. All parties conceded that counsel was deficient when he advised his client not to accept the plea offer on the grounds he could not be convicted at trial. *Id.* at 1384. The Court concluded that the prejudice prong would be satisfied if the defendant, who was convicted, could show "a reasonable probability" that (1) he would have accepted the plea, (2) the court also would have accepted the plea, and (3) the resulting sentence would have been less severe than the actual sentence imposed. *Id.* at 1385.

In this case, Holmes claims that he wanted to plead guilty but Purpura told him not to do so because of the strength of the entrapment defense. This claim fails for two principal reasons. First, advice on the strength of an entrapment defense, when that defense was in fact vigorously presented and is strongly advocated by Holmes himself in his current motion, is the kind of strategic or tactical advice not likely to be found deficient. *See Bunch v. Thompson*, 949 F.2d 1354, 1363-64 (4th Cir. 1991). Second, Holmes's assertion by affidavit that he wanted to accept the 25-year offer is contradicted by his statements to the court in a hearing less than two weeks prior to trial when he expressed dissatisfaction with Purpura's representation. Most of his complaints concerned trial preparation. Holmes also told the court that:

> As far as a plea bargain, yes, jokingly sometimes I tell him could I get, could he get a lesser plea than 20 years out of two charges on my case at a minimum mandatory of 20, and I jokingly ask him sometimes yes, can you get me less, and knowing what he is going to say. But I had told Mr. Purpura a while ago I want to go to trial. Okay.

Gov't. Opp., ECF No. 253, Ex. 5 Tr. at 17-18.  Holmes's *pro se* motion filed with the court also indicates that counsel was advising him to take a plea, while Holmes wanted to prepare for trial. ECF No. 253, Ex. 4.[1]  Accordingly, Holmes's current claim that he wanted to plead guilty and Purpura wrongly advised him to go to trial on the strength of the entrapment defense is not supported by the record.

Holmes's claim that he was improperly sentenced as a career offender was not presented on appeal and is therefore procedurally defaulted.  *U.S. v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999).  In any event, his claim fails on the merits because his two prior qualifying crimes were felony drug offenses to which the "modified categorical" approach need not be, and was not, applied.  Finally, the federal court's jurisdiction over narcotics distribution, Hobbs Act robberies, and firearms offenses is well-established.  The statutes under which Holmes was convicted are proper exercises of Congress's Commerce Clause powers regardless of whether the crimes take place within the special territorial jurisdiction of the United States.  *See United States v. Williams*, 342 F.3d 350, 354 (4th Cir. 2003); *United States v. Nathan*, 202 F.3d 230, 234 (4th Cir. 2000); *United States v. Leshuk*, 65 F.3d 1105, 1111-12 (4th Cir. 1995).

Accordingly, Holmes's claims will be dismissed without an evidentiary hearing. No certificate of appealability is warranted under the standard set in 28 U.S.C. § 2253(c).

A separate Order follows.

January 24, 2013             /s/
    Date                  Catherine C. Blake
                         United States District Judge

---

[1] Purpura's affidavit, while it need not be relied upon, indicates that he did in fact advise Holmes to plead guilty because of the "horrific" testimony the sentencing judge would hear during trial.  (ECF No. 253, Ex. 6).